UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.

GARY BALLANCE,                              )
                                           )
                Plaintiff,                 )
                                           )
v.                                         )
                                           )
HHH MANAGEMENT, INC. and DONALD            )
ROSENTHAL,                                 )
                                           )
                Defendants.                )
_____)

## COMPLAINT

The Plaintiff, GARY BALLANCE (the "Plaintiff") sues the Defendants, HHH MANAGEMENT, INC. and DONALD ROSENTHAL (collectively the "Defendants"), and alleges:

1.      This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States and for retaliation under Florida Statutes Section 440.205[1].  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.      The Defendant HHH MANAGEMENT, INC. (the "Corporate Defendant") is a Florida corporation duly organized and existing under the laws of the State of Florida and conducting business in Palm Beach, Florida.

---

[1] The Plaintiff has filed a Charge of Discrimination with the EEOC.  Once the EEOC issues its right to sue, the Plaintiff will seek leave to amend the instant complaint to include counts of disability/handicap discrimination and retaliation.



3.      The Defendant DONALD ROSENTHAL (the "Individual Defendant"), at all times relevant is and was Plaintiff's supervisor and an "employer" under the Act.

4.      The acts or omissions giving rise to this complaint occurred in whole or in part in Palm Beach County, Florida.

5.      Plaintiff is a covered employee for purposes of the Act.

6.      All conditions precedent to bringing this action have occurred, been performed or been excused.

7.      The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: WAGE AND HOUR STATUTORY VIOLATION AGAINST THE CORPORATE DEFENDANT

8.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 7 above as if set out in full herein.

9.      This action is brought by Plaintiff to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.

10.     29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."



www.saenzanderson.com

11.     29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

12.     The Act provides minimum standards that may be exceeded but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

13.     In Florida, the minimum wage in 2018 was $8.25 per hour; in 2019 was $8.46 per hour; in 2020 was $8.56 per hour; and in 2021 is $8.65 per hour.

14.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Corporate Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the Act's requirements.



www.saenzanderson.com

15.     By reason of the foregoing, Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was engaged in interstate commerce for Corporate Defendant. Corporate Defendant's business activities involve those to which the Act applies. Corporate Defendant is a company engaged in the property management business and, through its business activity, affects interstate commerce. Plaintiff's work for Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by Corporate Defendant as a porter/maintenance worker for the Corporate Defendant's business.

16.     While employed by Corporate Defendant, Plaintiff routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one-half times the regular rate at which he was employed.

17.     Plaintiff was paid approximately $700 per week. During his last weeks of employment, this salary was raised to approximately $715 per week.

18.     Plaintiff was an employee of the Defendants and not an independent contractor of the Defendants.

19.     Plaintiff is a disabled individual diagnosed with bipolar and paranoia disorders. He does not work well around people and for this reason he was assigned the overnight shift while working for the Corporate Defendant.

20.     Initially, Plaintiff worked as a porter for the Defendants, but in that capacity, he was assigned to take out the trash, serve as a security guard, and often do maintenance work for the Corporate Defendant, for the Corporate Defendant's owner, and for the owner's girlfriend.



4

21.     Plaintiff's typical schedule started anytime between 2:00 a.m. and 4:00 a.m. and ended anytime between 3:00 p.m. and 5:00 p.m. from Monday through Friday. On the weekends, Plaintiff's typical schedule started anytime between 2:00 a.m. and 4:00 a.m. and ended anytime between 11:00 a.m. and 12:00 p.m. In addition to his normal schedule, Plaintiff was always "on call, 24/7," which meant that Plaintiff had to spend anywhere from 2-10 extra hours per week working for the Corporate Defendant on matters that required his attention.

22.     In other words, Plaintiff worked on average approximately 13-15 hours from Monday through Friday and 9-10 hours on the weekends, plus an additional 2-10 extra hours per week. Based on information and belief, prior to discovery, Plaintiff spent working anywhere from 80 to 95 hours per week for the Corporate Defendant.

23.     If we divide what Plaintiff was paid times the hours he worked for the Corporate Defendant, then we realize he was paid perhaps less than the minimum wage in Florida and absolutely no overtime. For example: $700/90 = $7.77 per hour.

24.     Plaintiff worked for the Corporate Defendant from approximately November 15, 2018 through approximately January 23, 2021. Under the Act, these are approximately **116** compensable weeks.

25.     Thus, prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

    a.  **Minimum Wages**
        2018: $8.25 - $7.77 x 8 compensable weeks = $3.77
        2019: $8.46 - $7.77 x 52 compensable weeks = $35.88
        2020: $8.56 - $7.77 x 52 compensable weeks = $41.08
        2021: $8.65 - $7.77 x 4 compensable weeks = $3.52

    b.  **Overtime Wages**



www.saenzanderson.com

2018: $8.25 x .5 x 50 (approx. overtime hours) x 8 compensable weeks = $1,650

2019: $8.46 x .5 x 50 (approx. overtime hours) x 52 compensable weeks = $10,998

2020: $8.56 x .5 x 50 (approx. overtime hours) x 52 compensable weeks = $11,128

2021: $8.65 x .5 x 50 (approx. overtime hours) x 4 compensable weeks = $865

    c.   **Liquidated Damages**: $24,725.25

    d.   **Grand Total**: $49,450.50 plus reasonable attorney's fees.

26.    At all times material hereto, Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act.

27.    Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remains owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with Corporate Defendant as set forth above, and Plaintiff is entitled to recover double damages. Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum and overtime wage payments.

28.    Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the law of the United States and the Code of Federal Regulations as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Corporate Defendant as set forth above.



www.saenzanderson.com

29.     Corporate Defendant willfully and intentionally failed to keep records of all hours worked by Plaintiff pursuant to the Act and the Code of Federal Regulations.

30.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.     Enter judgment for Plaintiff and against Corporate Defendant on the basis of Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and overtime compensation for hours worked in excess of forty per week, with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA)
## AGAINST THE INDIVIDUAL DEFENDANT

31.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

32.     At the times mentioned, the Individual Defendant was, and is now, an owner and or officers of Corporate Defendant.  The Individual Defendants is an employer of Plaintiff within



the meaning of Section 3(d) of the Act in that this Individual Defendant acted directly in the interests of Corporate Defendant in relation to its employees, including Plaintiff. The Individual Defendant had operational control of the business and is jointly and severally liable for Plaintiff's damages.

33.     The Individual Defendant was and is, at all times relevant, a person in control of Corporate Defendant's financial affairs and can cause Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

34.     The Individual Defendant willfully and intentionally caused Plaintiff not to receive proper minimum or overtime compensation as required by the law of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with Corporate Defendant as set forth above.

35.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Plaintiff and against the Individual Defendant on the basis of Individual Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just.

8



## JURY DEMAND

Plaintiff demand trial by jury of all issues so triable as of right.

### COUNT III: RETALIATORY DISCHARGE UNDER
### 440.205, FLORIDA STATUTES (CORPORATE DEFENDANT ONLY)

36.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 7 and 18 - 20 above as if set out in full herein.

37.     This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

38.     Corporate Defendant is a corporation existing under the laws of the State of Florida and conducting business in Palm Beach County, Florida.

39.     The acts or omissions giving rise to this complaint occurred in whole or in part in Palm Beach County, Florida.

40.     At all times relevant, Plaintiff was employed by Corporate Defendant as a porter/maintenance worker during the overnight shift.

41.     On or about October 9, 2020, Plaintiff suffered a work-related injury while doing maintenance work at the house of the Corporate Defendant's owner, as directed by Defendants. Specifically, Plaintiff injured his right shoulder when he fell out of the attic.

42.     Plaintiff immediately notified Corporate Defendant, through his direct supervisor (the sister of the Corporate Defendant's owner) of the work-related injury and requested medical treatment.

43.     To date, the Corporate Defendant has failed to report Plaintiff's work-related injury to its worker's compensation carrier in violation of the worker's compensation laws.

44.     On or about January 23, 2021, Corporate Defendant fired Plaintiff.



www.saenzanderson.com

45.     Corporate Defendant's pretext to fire Plaintiff was that he disobeyed an order from the owner of the Corporate Defendant that Plaintiff go and perform maintenance work at the house of the owner of the Corporate Defendant and at the house of the owner's girlfriend.

46.     This is a pretext because forcing Plaintiff to interact with people in the confinements of a house is in direct contravention with Plaintiff's disability (paranoia and bipolar disorders) and the Corporate Defendant was aware of the disability and of the fact that Plaintiff did not work well with people.

47.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation or benefits under the Workers' Compensation Law, as Plaintiff was entitled to do.

48.     One of the motivating factors which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

49.     Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

50.     Corporate Defendant's act of discharging of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

51.     By reason of Corporate Defendant's wrongful act as described above, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

52.     Corporate Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.



10

**WHEREFORE**, the Plaintiff respectfully requests judgment against Corporate Defendant for all back wages from the date of discharge; compensatory damages; pain and suffering; all other damages available under 440.205 Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.


Dated: May 14, 2021.

Respectfully submitted,

By: s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

11

